# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DONTAE MATHIS,

     Plaintiff(s),

v.

M. AMBURGEY, et al.,

     Defendant(s).

Case No. 2:23-cv-00840-APG-NJK

**ORDER**

Because Plaintiff is proceeding *in forma pauperis*, the Court herein screens the complaint pursuant to 28 U.S.C. § 1915(e).

## I.    STANDARDS

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,

286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

## II.    ANALYSIS

Plaintiff was investigated, arrested, and extradited to Nevada.  *See, e.g.*, Docket No. 1-1 at 15.  Plaintiff pled guilty in state court and is serving his sentence at High Desert State Prison. *See id.* at 1, 3-6.  Plaintiff brings this suit against ten defendants based on a kitchen sink of allegations regarding Plaintiff's criminal proceedings and incarceration.  The complaint alleges that:  (1) prosecutor Peter Thunell falsified extradition records and added false charges to Plaintiff's prosecution as a means to obtain a guilty plea, *see* Docket No. 1-1 at 2-3, 7; (2) Officer M. Amburgey filed a false declaration as a means to extradite Plaintiff from Oregon to Nevada, *id.* at 5; (3) Plaintiff was improperly booked into Clark County Detention Center based on a warrant for another person, *id.* at 5; (4) Plaintiff was coerced into a plea agreement, *id.* at 6; (5) Public Defenders Ashley St. Clair and Erling Oster failed to properly defend Plaintiff, *id.* at 6; *see also id.* at 8; (6) private defense attorney Jess Marchese conspired with the prosecutors by coercing Plaintiff to plead guilty, *id.* at 7; (7) Plaintiff's prison sentence is based on a claim that was dismissed, *id.* at 7; (8) the Oregon Department of Corrections improperly extradited Plaintiff on a warrant for a different person, *id.* at 7; (9) Natasha Koch and Patricia Houlihan working for Nevada's probation and parole falsified a presentence report to coverup the fact that the extradition papers reference a different person, *id.* at 8; (10) Blue Knight Transportation illegally kidnapped Plaintiff by transporting him from Oregon to Nevada based on extradition papers that reference a different person, *id.* at 8; and (11) Plaintiff's imprisonment exceeds his sentence, is based on a dismissed charge, and is based on falsified documents, *id.* at 9.  Plaintiff seeks tens of millions of

dollars in damages, along with an order that the charges against him be vacated and that his information be removed from criminal databases. *See id.* at 10.

The allegations in the complaint do not constitute any actionable claim. Plaintiff's allegations regarding his extradition from Oregon to Nevada stem from his contention that the underlying warrant was for a different person, Rodney Hines. *See, e.g.*, Docket No. 1-1 at 5. Plaintiff attached part of the document from which he makes that claim, which is the law enforcement declaration submitted in support of the warrant rather than the warrant itself. *See* Docket No. 1-1 at 12-13.[1] The document at issue includes a caption with the name and birthdate for "Mathis, Dontae," Docket No. 1-1 at 12, and indicates explicitly that "the criminal offenses described herein were committed by Dontae Mathis," Docket No. 1-1 at 12. That declaration further references Plaintiff by name repeatedly. *See* Docket No. 1-1 at 12-13. Plaintiff's claim here is based entirely on the fact that the declarant one time referenced the need for a warrant for Rodney Hines, *see* Docket No. 1-1 at 13, but that reference is obviously a scrivener's error in the larger context of this document. The errant reference to Rodney Hines within this document is insufficient for Plaintiff's extradition-based claims to cross the line from conceivable to plausible. As such, he has not stated a plausible claim for relief arising out of his extradition.[2]

Plaintiff's allegations of impropriety as to his defense lawyers during his criminal proceedings, particularly his guilty plea, fail to state a claim under 28 U.S.C. § 1983. A threshold requirement for proceeding with any § 1983 claim is that the defendant acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is settled law that a public defender is not acting "under color of state

---

[1] The Court may consider exhibits attached to the complaint in judging whether a claim has been stated. *E.g.*, *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018). It appears the declaration is five pages in length, *see* Docket No. 1-1 at 13 ("Page 5 of 5"), but Plaintiff attaches only the first and last page. Plaintiff did not attach the actual warrant itself.

[2] Plaintiff alleges that Defendant Amburgey lied in his declaration because he states that he is employed by Las Vegas Metropolitan Police Department, but also that he works with the Federal Bureau of Investigation as a Task Force Officer. *See* Docket No. 1-1 at 8; *see also* Docket No. 1-1 at 12. There is no plausible claim that such representations are false or contradictory. *See, e.g.*, *United States v. Cohen*, 2017 WL 4456052, at *1 (D. Nev. July 2, 2017) (addressing LVMPD officer's assignment to the FBI's Child Exploitation Task Force), *adopted* 2017 WL 4397365 (D. Nev. Oct. 3, 2017).

law" when performing the traditional functions of defense counsel in an underlying criminal proceeding. *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). It is also settled law that a private defense attorney does not act under color of state law for § 1983 purposes. *Deleo v. Rudin*, 328 F. Supp. 2d 1106, 1111 (D. Nev. 2004). Plaintiff has not stated a claim against either his appointed public defenders or private defense attorney.

Plaintiff's claim against the probation officers who prepared his presentence report is barred. Courts have extended judicial immunity to officers whose functions bear a close association to the judicial process. *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985). This absolute immunity applies to probation officers preparing presentence reports. *Id.* at 157-58. This immunity applies regardless of allegations of malice or bad faith. *Id.* at 158. Nevada's Division of Parole and Probation is tasked with preparing presentence reports when a defendant pleads guilty in state court. N.R.S. 176.135(1). Plaintiff's claims against the probation officers regarding the presentence report are barred by absolute immunity.

Plaintiff's claim of improper charging decisions by the prosecutor is barred. Prosecutors are protected by immunity for their actions associated with their prosecutorial functions. *Botello v. Gammick*, 413 F.3d 971, 975-76 (9th Cir. 2005). Such functions include making charging decisions. *Kalina v. Fletcher*, 522 U.S. 118, 130 (1997). This immunity applies regardless of allegations of malice, bad faith, or conspiracy. *Ashelman v. Pope*, 793 F.2d 1072, 1077-78 (9th Cir. 1986) (*en banc*). Plaintiff's claim against the prosecutor is barred by absolute immunity.

Plaintiff's claim against the Oregon Department of Corrections is barred. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nev. ex rel. bd. of Regents of Nev. Sys. of Higher Ed.*, 616 F.3d 963, 967 (9th Cir. 2010). Oregon has not waived its Eleventh Amendment immunity and its department of corrections is immune from suit. *Brown v. Or. Dept. of Corrections*, 751 F.3d 983, 989 (9th Cir. 2014). Plaintiff's claim against the Oregon Department of Corrections is barred by Eleventh Amendment immunity.

Plaintiff's allegations related to the circumstances of his guilty plea are not properly before the Court. The Supreme Court has held that a § 1983 action cannot be used to collaterally attack

a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In determining whether a claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor on a § 1983 claim would necessarily imply the invalidity of his conviction or sentence. *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). A claim that a guilty plea was not knowing and voluntary would necessarily imply the invalidity of a conviction or sentence. *See, e.g.*, *Howard v. Nev.*, 2014 WL 4829021, at *4 (D. Nev. Sept. 30, 2014); *see also Byrd v. Phoenix Police Dept.*, 885 F.3d 639, 643 (9th Cir. 2018) (finding *Heck* bar did not apply based on lack of allegations that the plea was not knowing and voluntary). Although Plaintiff alleges here that his guilty plea was not voluntary, he has not alleged that his conviction or sentence have been reversed, expunged, invalidated or called into question. To the contrary, Plaintiff alleges that he continues to serve his sentence. *See* Docket No. 1-1 at 9 (alleging that "cruel and unusual punishment" continues to the "current date"). Plaintiff's claim related to the voluntariness of his guilty plea are barred by *Heck*.

Plaintiff's allegations regarding the calculation of his sentencing are not properly brought in this lawsuit. When a prisoner is seeking to be released from prison or to challenge the fact or duration of his sentence, his exclusive remedy is a writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995); *see also Thornton v. Brown*, 757 F.3d 834, 842 (9th Cir. 2013) ("a prisoner may challenge the 'fact' or 'duration' of imprisonment only through a habeas proceeding"). In such circumstance, the prisoner's claim should be dismissed without prejudice to filing a habeas petition. *Trimble*, 49 F.3d at 586. Plaintiff here alleges that his sentence is erroneous and that his convictions should be vacated. Such assertions must be made by filing a habeas petition and Plaintiff's claim here is subject to dismissal.

In short, the factual predicate to Plaintiff's extradition-related claims is not plausible, from which much of the substance of his complaint similarly fails. In addition, many of the defendants against whom extradition-related claims are brought are protected by various immunities. Plaintiff's claims regarding his defense counsel in the criminal proceedings are not cognizable

under § 1983.  Plaintiff's claim regarding the prosecutor's charging decisions in his criminal proceedings fail on immunity grounds.  Plaintiff's challenge to the voluntary nature of his guilty plea is barred by *Heck*.  Plaintiff's challenge to his sentence cannot be brought under § 1983, and must be pursued in a separate habeas petition.  Although it does not appear that he can do so, the Court will afford Plaintiff an opportunity to amend the complaint in the event he believes he can cure these deficiencies.

## III.     CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **September 7, 2023**, to file an amended complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: August 7, 2023

_____
Nancy J. Koppe
United States Magistrate Judge